①

United States District Court

Southern District of Indiana

Terre Haute Division

**FILED**

04/07/2022

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

Omid Soueverafil
  petitioner;

Case No.
Immediate Relief Sought

vs

S. Kallis, Warden Terre Haute
Federal Correctional,

Michael Carvajal, Director of BOP,
in their official capacities

A. Matevousian –

S. Kester Camp Admin, in their capacity

F. Roshto, Case Manager Coordinator
  Springer, Case Manager

EMERGENCY PETITION FOR WRIT OF HABEAUS CORPUS
Pursuant to 28 USC 2241 Brief in Support

Here Comes Movant, pro se, Informa Paupers, with a petition to this court for a writ of habeaus corpus to remedy his unlawful detention by the Responders. The petitioner has been eligible for immediate release to home confinement for over two years being held unlawfully by the BOP, the respondents willful, and intentional violations and disregard to the directive of the Attorney General, the Congress in their implementation of the CARES ACT and the First Step Act. The Respondents

have violated and failed to implement the CARES ACT known as the Coronavirus Aid, Relief and Economic Security Act 18 USC 3821 (c)(1), failed to implement the First Step Act, has violated the 5th, 8th and 14th Amendment of the United States Constitution. The respondents have violated the claim of Arbitrary and Capricious action, findings and conclusions 5 USC 706, violated the Bureau of prisons Standard of Employee Conduct policy Statement 3420.11 which shows that the warden, the BOP employees, knowingly and intentionally violated BOP policy and administrative Procedures Act and have failed or delayed in carrying out a direct order from the Attorney General. Actions which demonstrate blatant disregard to inmate safety and the "deliberate Indifference" shown by the BOP and the U.S Attorney.

## Jurisdiction and Venue

This court has subject matter jurisdiction over these claims under 28 USC 2241 (Habeas Corpus); 28 USC 1651 (All Writs Act); Article 1, 9, Cl. 2 of the United States Constitution (suspension Clause, which provides: "the privilege of the writ of habeas corpus shall not be suspended, unless when in case of rebellion or invasion the public safety may require it!) and 28 USC 1331 (Federal question jurisdiction).

③ This court has jurisdiction to grant declaratory and injunctive relief pursuant to the Declaratory Judgement Act, 28 USC 2201.

Movant comes before the court in the Southern District of Indiana, because Movant is in Custody in this judicial district (28 USC 2241(a)) and because many of the events occurred in this district (28 USC 1391 (b)(2)).

A petitioner who challenges the manner, location, or execution of the sentence may do so under Section 2241 See Hernandez v. Campbell 204 F3D 861, 864 (9th Circuit 2000).

The BOP's calculation or failure to implement any sentence credits is a sentencing issue which may be challenged in a habeaus petition 2241. See Znale v. Ives, 785 F3D. 370 N.3 (9th Cir 2015), United States v. Giddings, 740 F2d 770, 772 (9th Cir. 1984).

A petitioner must file section 2241 in the district of his custodian not the district that sentenced him. See Hernandez 204 F3D at 865.

The Court has the authority and duty to hold the BOP and government to abide by the directive of the Attorney General and Congress and to hold the standards set under the CARES ACT. The Government did not

argue or show a state interest or a violation or a requirement set by Congress for which the petitioner fails to qualify.

## INTRODUCTION

Movant is a 52 year old, 1. MINIMUM level security inmate with a 2. Minimum PATTERN score of −14 and violent score of (−5) (exhibit 1).

3. He has no Institutional Disciplinary history in more than 44 months of incarceration. 4. He has a verifiable release plan. 5. No history of violence or gang related activity.

Movant has at least 4 of the conditions deemed by the CDC to severely increase his risk of catching and possibly dying from Covid-19.

He has a 1. BMI of over 30 - 2. Moderate to Severe Asthma. 3. Extremely high and uncontrolled Blood Pressure (leading to several complications including Cardiac Arrhythmics & chronic bleeding). 4. He is on a biologic medication which makes his severely immunocompromised.

It is unchallenged that the Petitioner qualifies for all requirements, recission of his placement, against the intent of Congress and Directives of the Attorney

(5) Generals are due to interference from the prosecuting Attorney's office without a formal process, explanation, or fair and transparent process to why the petitioner was revoked. In fact despite several program statements by the BOP, pertaining the availability of such correspondence to BOP inmates, Ms. Springer & Mr. F. Roshto of Terre Haute blatantly refused to provide Movant with such documents. Movant was blatantly told to "Sue Us" by Ms. Springer. The BOP and US Attorney have remained silent and continue to disregard the Directives of the Attorney General to implement the First step & Cares Acts.

Movant was originally incarcerated at Lompoc Prison Camp. Lompoc Prison was subject of a class action law suit during the height of the covid-19 pandemic.

In Torres et. al V. Milusnic et. al (CV20-4450-CBM-PVC) the honorable Judge Consuelo Marshall confirmed that Movant's 5th, 8th, and 14th Ammendment rights were severely violated.

During the Massive covid-19 outbreak at Lompoc in which several inmates died Movant was MISDIAGNOSED with covid-19 and thrown in a so called "Quarantine"

where he almost died of neglect and incompetence (exhibit 2). Despite Monant's deteriorating health the BOP continued to lie to the courts that Monant's health was "stable". In spite of this in May of 2022 Monant was abruptly transferred to Terre Haute IN for medical reasons. The BOP clearly states that Monant has unstable heathcare and needs complex care (exhibit 3). Upon the publication of an article about Monant in the local press (exhibit 4), the BOP staff started a campaign of intimidation, retaliation and other unlawful actions towards Monant. He was transferred 1,500 miles from his family and the BOP manipulated his paperwork, in order for him never to get to his destination (exhibit 5)

In July of 2020, Monant was told that he'd been approved for the CARES ACT, to spend the rest of his sentence in home confinement. He was told as of 07/23/20, he would be going to home confinement, "Any Day Now" by Lompoc Camp Administrator Ms. Y. Carlon. He was subsequently told he'd been denied by the BOP's

Correctional Programs Division for not having completed 50% of his sentence (exhibit 6).

On October 27th, 2020 Monant was told, as he had completed 50% of his sentence, he now fully qualified for the CARES ACT. Monant was provided with the pre-prepared documentation to sign. (exhibit 7).

On Jan 24th, 2022, Monant was told that he'd been approved for Home Confinement or 02/09/2022. On 02/01/2022 Monant was told that the United states Attorney had objected to his release, despite the Monant still being under BOP custody while under home confinement. (exhibit 8).

Monant has continued confinement during the outbreak of the novel Coronavirus and in light of the Respondent's alternating approval and disapproval of the Monant for home confinement violates the 8th Amendment of the United States Constitution prohibiting cruel and unusual punishment, the 5th Amendment due process clause as it relates to both substantive and procedural due process, the Administrative Procedure Act requiring

8

government agencies to act in a way that is not Arbitrary and Capricious, violation of Employee conduct Codes and the BOP and their agents have intentionally violated a direct order from the Attorney General to release all inmates who qualify for home confinement, under the CARES ACT.

This court should rule upon the following:

The Government, BOP and their agents have clearly violated the law. These allegations have NOT been refuted by the BOP, nor the Government. The BOP has had an opportunity to answer in the Administrative process which has been exhausted by the Movant and has failed to do so. The US attorney has remained silent on their reasons for interfering with the legal order to release the petitioner to home confinement. The court should find:

1. Was the CARES ACT violated under 18 USC 3621(c)(1)?

2. Was the Movant's rights violated under the 8th Amendment of the United States Constitution prohibiting Cruel and unusual punishment?

3. Was the 5th Amendment due process Clause violated as it relates to both substantive and procedural due process violated when the Government interfered with

the Directive of Attorney General and the BOP, by rescinding the release of the Movant without giving any reason or identifying any requirement or criteria the petitioner failed to qualify for?

4. Have the BOP and the Government violated the Administrative Procedure Act requiring Government agencies to act in a way that is not arbitrary and capricious?

5. Has the Warden violated the Employee Conduct Code 3420.11 in failure or delay in carrying out a direct order from the attorney General in order to release all inmates who meet the qualifications for home confinement?

6. Has the United States Attorney violated a position of public trust by unlawfully directing or interfering with the designation of Movant at any point, and after the imposition of a sentence by the courts.

7. Has the BOP failed to implement the First Step Act which requires the BOP to give Movant the statutory time credits earned by the petitioner for early release.

# FACTS NOT IN DISPUTE AND CONCEDED BY THE GOVERNMENT

1. Petitioner is in custody at Terre Haute prison Camp as a MINIMUM LEVEL INMATE.

2. Petititioner is listed as a "minimum security", "minimum risk", "minimum recidivism". This is not in dispute by the BOP or Government.

3. Government Concedes the petitioner has received no disciplinary actions while incarcerated which would deny his ability to qualify for the CARES ACT.

4. Government concedes that Congress passed the CARES ACT known as the Coronavirus Aid, Relief and Economic Security Act 18 USC 3621 (c)(1).

5. The Government Concedes that the Petitioner that the petitioner was approved and released by the BOP by proving Monant is qualified for the CARES ACT. Failure to be released as required was due to a prosecutor objection, giving no reason or rationals. The Government would not provide Monant a copy of the US Attorney's letter.

6. Government concedes that the prosecutor for the government in fact interfered with the release under the CARES Act of the Petitioner.

7. The Government has shown no requirement that the Movant has failed to meet a single requirement set by Congress and directed by the Attorney General which would disqualify the Movant from being released as required by law.

8. The Government has conceded that Movant has several medical conditions which makes him qualified for the CARES ACT passed by Congress.

9. The Government has conceded that Movant qualifies for the CARES ACT, based on the Government's own "Memorandum For Chief Executive Officers" published on April 13th, 2021. (exhibit 9 )

10. The Government remains silent on the violation of the 8th Amendment issues raised by the ~~pet~~ Movant. Therefore The Government concedes to the violations, that the intentional violations have resulted in cruel and unusual punishment, for which the government has not disputed.

11. The Government has shown deliberate Indifference. They have failed to respond and address the claim of Substantive Due Process violation of the 5th Amendment.

12. The Government has failed to respond, nor defend the claim of Arbitrary and Capricious Action under

5 USC 551-559, 701-706 which requires the Courts to "hold unlawful and set aside agency actions, findings, and conclusions" found to be "arbitrary and capricious."

13. The Government remains silent on the violation of the Bureau of Prisons Standard of Employees Conduct Policy Statement 3420.11 which shows that the Warden knowingly and intentionally violating BOP Administrative Procedures Act and is not following the Directive of the Attorney General and Congress in passing and implementing the CARES ACT and First Step ACT.

14. The Government remains silent on Joels Samuel Paul v. Federal Bureau of Prisons where this Court has already decided and ruled finding the BOP in violation of the very same allegations made by this Movant.

The Court has the authority and duty to hold the BOP and the Government to abide by the Directive of the Attorney General and Congress to hold the standards set under the CARES ACT. The Government did not argue or show a state interest or a violation or a requirement set by Congress for which petitioner fails to meet.

## FACTUAL ALLEGATIONS

The World Health Organization classified the COVID-19 outbreak as a pandemic, President Trump issued a National Emergency on March 13th, 2020 due to the threat.

Congress recognized that Correctional facilities are ripe grounds for infections living situations and institutions which shared space and staff face an increased danger of contracting COVID-19.

In prison social distancing is nearly impossible because inmates live, sleep, eat in such close proximity to each other and share a limited number of showers and toilets. Hand sanitizer, an effective disinfectant recommended by the Centers for Disease Control and Prevention to reduce transmission is prohibited in the BOP facilities.

Public health experts, including world renowned experts such as Dr. Homer Venters, President Biden's envoy to examine the BOP's response to COVID-19 pandemic warn that inmates are likely to face serious harm due to the outbreak of COVID-19 and correctional facilities have the potential to become epicenter of the pandemic

In February 2022, Terre Haute Camp went on a lockdown due to COVID-19 (OMICRON VARIANT) outbreak. Movant was locked down in a decrepit unit (Uunit 7 (507) with 44 other inmates. Inmates slept on the floors, in the closets and in the corridor in violation of dozens of fire hazard and safety regulations. The unit was full of cigarette smoke (Contraband is plentiful at this camp, and the BOP cannot control it in any way/shape or form). Inmate Souverafol (Movant) inhaled cigarette smoke, for 2 straight weeks. Movant is extremely aithmatic and could not breath. Movant is still suffering the aftereffects of this incompetent trauma. Nevermind that inmate William Downs had died at this very camp due to sheer incompetence of BOP staff. The BOP is incompetent in keeping him safe.

On March 26th, 2020, the United States Attorney General William Barr issued a memorandum urging the BOP to relocate to home confinement at risk inmates who met the criteria set by Congress.

The memorandum directed the BOP to consider the totality of the circumstances for each individual inmate, the statutory requirements for home confinement and factors including the "security level of the facility currently holding the inmate, with priority given to inmates residing in low and minimum security facilities". "Inmates conduct record in prison", "giving priority to those who have not "incurred a BOP violation within the last year", "inmates PATTERN SCORE", with priority going to those with a minimum score, the inmate's verifiable reentry plan to maximize public safety, and the inmate's crime of conviction, with violent offenses and sex offenses weighing heavily against consideration".

On March 27, 2020, President Trump signed the CARES ACT into law in response to COVID-19 pandemic expanding the scope of home confinement statute. The CARES ACT Authorizes the Attorney General to remove the time limits on home confinement under 18 USC 3624(c)(1)-(2). It permits the BOP to release inmates to home confinement even if they have not yet served 90% of their sentence, or if they have more than six months left to serve

Specifically the CARES Act provides:

"during the covered Emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the amount of time for which the director is authorized to place a prisoner in home confinement...,

See H.R 748 6002 at Div. B Tit. 11 Sec. R0005(b)(2)

On April 3, 2020, Attorney General Barr issued a Memorandum in which he made the requisite finding that emergency conditions will materially affect the functioning of the BOP.

Attorney General Barr directed the BOP to immediately start releasing inmates from institutions affected by Covid-19 and inmates who met the requirements set by Congress.

Attorney General Barr, in the memorandum of April 3rd, 2020 emphasized that the BOP's mission "imposes on us a profound obligation to protect the health and safety of all inmates.

The Respondents and their Agents have approved the Petitioner for home confinement. (Exhibit 6)

Movant was previously housed at Lompoc Prison Camp in Lompoc, CA. On July 3rd 2020 Movant was called into his Case Manager's office and was given a home confinement packet to sign. A few weeks later Movant was told as of 07/23/2020 he was "awaiting for a home confinement". "It would be any day". In May of 2020, the ACLU brought a class action lawsuit against the BOP and Judge Counsello Marshall Certified the class in July 2020. Movant was originally a class member in that class action. He was subsequently denied home confinement despite fully qualifying for the CARES ACT. The BOP's Central Correctional Programs Division denied him due to "not having completed 50% of his sentence".

Despite false claims that Movant's health was stable " the BOP staff subsequently threatened, harassed and retaliated against Movant (exhibit 10) by moving him

thousands of miles away from his family "for
health reasons".

On July 21, the Honorable Judge Consuelo B. Marshall
ordered the BOP (Care No. CV-20-4450-CBM(PVCx))
to transfer at risk inmates who qualified for the
CARES Act to home confinement regardless of time
served or previous crimes. The BOP refused to do so.

On October 27th, 2021 Monant was told he had
Completed 50% of his sentence. He was given the
home confinement packet to sign which he did.
Three months later, Monant was told that the approval
for home confinement had been signed off by the
case Manager, BOP Counselor, FCI Terre Haute camp
administrator, the facility's legal office, (Correctional
Systems, Associate Warden, Warden, the Regional office
the half way house and the BOP headquarters
in Washington DC.

Monant signed all release papers, was fingerprinted,
and was told to purchase an airline ticket.
The Defendant's official release date was May,
February 4th, 2022.

On February 1st, 2022 the Monant's case Manager
informed him that his release date had been

Retracted. Upon filing informal and formal remedy Movant was told that the prosecutor from his original care called the BOP and emmailed them for the Movant's home confinement to be rescinded.

Defendant properly filed and exhausted his administrative remedies. (exhibit 11)

The defendant has fully exhausted his administrative remedies, but exhaustion is not required where it would be futile.

In Torres et. al. V Milusnic et. al of Document 45 (filed 7/14/20) CV 20-4450 -CBM-PVC, says "Administrative remedies are (quoting Bates 2d): "ineffective, unobtainable, unduly prolonged, inadequate or obviously futile" On 2/21/2022, Movant appealed the unit management team the revocation of his approval. Response from Case Manager Co-ordinator at Terre Haute said "Although you received conditional approval, and placement, an outside agency objected due to unknown circumstances of your current conviction". "FCI Terre Haute Staff are not always advised of the details of the objection, however based on this, the Residential Reentry Manager removed your designation (exhibit11). Informal resolution attempt which was filed on 3/14/22, sited Program Statement 5050.50 Compassionate Release/ Reduction in Sentence: procedures for

19

Implementation of 18 U.S.C §§3582(c)(1)(A) and 4205(g) as reasons for the denial. This in fact is the wrong statute as Movant never applied for Compassionate Release/Reduction in Sentence.

Over the past two years Movant has fully exhausted his administrative remedies as the BOP, constantly "plays with words and policies which do not apply". It is obviously "futile" to further continue the charade.

## FIRST CLAIM FOR RELIEF

Unconstitutional Conditions of Confinement, in violation of the Eighth Amendment to the Constitution

Under the Eighth Amendment, inmates have a right to be free from cruel and unusual punishment. As part of that right, the government must protect inmates and expose them to "deliberate indifference" of prison officials that subject them to substantial risk of serious harm". Farmer V. Brennan, 511 US 825, 828 (1994). " Having stripped inmates of virtually every means of self protection and foreclosed their access to outside help, the Government and its officials are not free to let the state of nature take its course." ID at 857.

"It is undisputed that the treatment a prisoner receives in prison and the conditions which he is confined are subject to scrutiny under the Eighth Amendment". <u>Helling v. Mckinney</u>, 509 US 25, 31 (1993). In Mckinney, the Supreme Court held that a Defendant properly stated a cause of action, under the Eighth Amendment when confined in a cell with inmates who smoked cigarettes. "This was one of prison conditions for which the Eighth Amendment required a remedy, even though the allegation was not that the likely harm would occur immediately and even though the possible infection might not affect all of those exposed. We would think that a prison inmate also could successfully complain about demonstrably unsafe drinking water without waiting for an attack of dysentery. Nor can we hold that prison officials maybe deliberately indifferent to the exposure of inmates to a serious, communicable diseases on the ground that the complaining inmate shows no serious current symptoms." Id at 33. With respect to an impending infectious disease like Covid-19 — deliberate indifference is demonstrated when correctional officers "ignore a condition of confinement that is surely very likely to

cause serious illness and needless suffering the next week or month or year."

Here we have the BOP stating there is an emergency from a pandemic COVID-19. They approve and release the inmate, for he meets all the criteria set by the BOP and Congress, yet the prosecutor, showing deliberate indifference, unlawfully stops the Defendant from being released, exposing him to COVID-19. In fact the prosecutor, wrote in a motion to court that even if the defendant dies from COVID-19, it would be "OK" because "people die in prison all the time". Now the defendant, in a MINIMUM security camp is facing the BA.2 variant when he should be home. He contracted the Omicron variant when he SHOULD HAVE BEEN HOME!

The AUSA is fully aware of the serious risk COVID-19 and its various variants pose to the defendant. The BOP has been directed by Congress and the Attorney General of the United States to release a class of inmates who meet the criteria of eligibility, they have approved the defendant's release. And now the Prosecutor and BOP have failed to take meaningful

action to reduce the population and have failed to mitigate the risk of harm to the defendant by needlessly and illegally keeping him in custody.

No prejudice to the government will result from releasing the defendant to home confinement. The defendant will continue to serve his sentence under more restrictive conditions and federal supervision. He will be able to pay his restitution. Given his current status as a minimum security inmate at a minimum security facility and work detail and out custody, the defendant's status on home confinement could potentially be as or more restrictive than his current status.

There are no mitigation efforts by the Government that could better prevent the risk of contraction and possible later spread to the non prison community than immediate release to home confinement for those non violent, minimum security and minimum risk prisoners meeting the criteria set by Congress under the CARES ACT and by the Attorney General in his March and April 2020 memoranda to the BOP.

The prosecutor and the BOP have therefore shown deliberate indifference to that risk and violated the Movant's

(23)

and transparent criminal custody system that provides for the safety of society, including inmates." the Government may not interfere with the fundamental liberty of interest of an individual, such as his interest in physical freedom, unless its actions are narrowly tailored to meet a compelling state interest." <u>Renor v. Flores</u>, 507 U.S 292, 301-02 (1993).

In fact, the Governments (prosecutor) actions to revoke home confinement based on the prosecutor's input regarding release to home confinement, and the family has been notified, that government action is not narrowly tailored to meet a compelling state interest. The two most compelling state interests at issue here are protection of the public and protection of those in the care of the BOP. The Cares ACT, the Attorney General's directives, and the BOP policies on home confinement approval without showing a state interest is not narrowly tailored to meet either compelling state interest. Revoking home confinement greatly reduces the chances the Movant's charges of making full restitution payments, that Movant is exposed to

8th Amendment to cruel and unusual punishment by putting the defendant, his wife and son through an emotional roller-coaster of approval and denial for no reason.

## Second Claim For Relief
Substantive Due Process Violation, In
Violation of the Fifth Amendment
to the U.S Constitution

The fifth Amendment provides that "NO person shall... be deprived of life, liberty, or property, (emphasis on property) without the process of law".

In Washington v. Glucksberg 521 U.S. 702-21 (1997), the Supreme Court articulated a two part analysis for substantive due process claims:

"First, we have regularly observed that the Due Process claims specially protects those fundamental rights and liberties which are, objectively, deeply rooted in this nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice could exist if they were sacrificed. Second, we have required in substantive due process cases a careful description of the asserted fundamental liberty interest."

There is no fundamental right more implicit to our Concept of ordered Liberty than a predictable, fair

much higher risk of serious illness from covid-19 and the New BA.2 variant. And there is a higher likelihood of risk to Staff and the Community at large.

The Government's interference in revoking home confinement after full BOP approval, whatever they might be, are not transparent. They are not consistent, as Movant has watched hundreds of other prisoners who are similarly situated, who have saved not even 50% of their sentences, who are higher security level inmates, and have much higher recidivism scores be released. He has watched high profile inmates being released. He has seen inmates with 1000s of victims and high restitution amounts, being released.

Thus, the actions of the government have violated the defendant's substantive due process rights.

<u>Third Claim for Relief</u>
Procedural Due Process violation of the Fifth Amendment of the U.S Constitution

The Fifth Amendment also protects the Defendant's procedural due process rights, requiring the Government

to afford him at a minimum, notice, an opportunity to be heard, and a decision, and a decision made by a neutral decision maker before his approval for home confinement, and why the prosecutor felt it had grounds to revoke such approval.

A prisoner's liberty interest, and incumbent entitlement to procedural due process protections, generally extends to freedom from deprivations that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515, U.S 472, 483-84 (1995).

The defendant does not have a right to be free from federal custody, as he lost that right when he pled to comitting a crime. But he does have the right to be treated equally, and justly under the laws and policies implemented as a part of the CARES ACT and the Attorney General's directives on home confinement for which he fully qualifies for.

The Movant has not received an adequate explanation as to why or how his approval for home

confinement was approved through official channels including multiple layers of bureaucracy, only to be revoked after it was finalized to be revoked by a letter from a prosecutor. A letter the BOP will not even show to the Movant. The Government's interference and the giving and taking of significant liberty with no procedural guidance, process, transparency or opportunity to weigh in violates the Defendant's due process rights.

Although the Defendant is arguably in no worse position now that he would have been otherwise, in that he is still at a federal camp as a minimum security inmate, the argument ignores the point that COVID-19 now poses a significant threat to all inmates. The reason for the CARES ACT in the first place was to remove as fast as possible as many inmates as possible who qualified for the requirements passed by congress to protect not only the inmates who qualified for the requirements passed by congress to protect not only the inmate but also the staff and community. The argument the Government falsely make is "the BOP has a

handle on COVID-19" is irrelevant. If the BOP had a handle on it, and thought home confinement was not necessary, then they would have not passed the CARES ACT. It is not the government's role to try to make law or circumvent it, but to abide by the law. It is the duty of the government to follow THE LAW and directives given to them. The Government's grant and subsequent denial of home confinement — while Movant fully qualifies — with no adequate process or opportunity to be heard violates the de Movant's procedural process rights.

## FOURTH CLAIM FOR RELIEF

Arbitrary and Capricious Actions by Government Agency
5. U.S.C 551-559, 701-706

The Administrative Procedures Act (APA), 5 U.S.C. 551-559, 701-706 requires that Courts "hold unlawful and set aside agency action, findings and conclusions" found to be arbitrary and capricious".

The Supreme Court held in Motor Vehicle Mfr. v. State Farm Mut. Auto Ins. Co., 463 U.S 29, 43 (1983) that "normally an agency rule would be arbitrary

29

and capricious if the agency has relied on factors which Congress has not intended, it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."

When an agency process is found arbitrary and capricious, "the reviewing court SHALL compell agency action unlawfully withheld or unreasonably delayed." 5 USC 706.

The Government, Prosecutor and BOP have imposed an arbitrary and capricious decision making on the defendant. Insofar as the Government and their agents on the prosecutors opposition to release the defendant without Movant being advised on the reasons, that reliance was improper. The Movant has met all qualifications set by Congress. The Movant has been approved for release by the BOP. And to date the Government has shown no reason for the revocation of the confinement, directed by the Congress and the Attorney General.

Nowhere in the BOP guidance, the Attorney General's directive, the CARES ACT, or the statutes on home

Confinement   (18 U.S.C. 3624(c)(1)-(2)) is this part of the criteria for consideration. Nowhere in the CARES ACT does it give or permit a prosecutor's opinion on home confinement.

The fact that the BOP changed their process and ruling post facto based on a phone call, admitted by the government from a single prosecutor who opposed the release of a non-violent offender who otherwise fully qualifies for home confinement demonstrates an arbitrary and capricious agency process that is not fairly applied.

The BOP's process relied on this instance of factors Congress did not intend to consider and is arbitrary and capricious.

The Bureau of Prisons Standards of Employee Conduct Policy Statement 3420.11 shows that Warden Lammer, knowingly and intentionally is in violation of the BOP Administrative Procedures Act, and is not following the directives of the Attorney General and Congress in passing the CARES ACT. See <u>Joel Samuel Paul v. Bureau of Prisons</u>, US Dist. Lexis 234819 No. 2:20-cv-066 -JPH 7th Cir. Where Mr. Paul, a Terre Haute

Camp inmate, was submitted for home confinement under the CARES ACT and was denied by the Warden, but in light of Mr. Paul's denial the District Court agreed in his favor and granted injunctive relief against the BOP pursuant to the Administrative Procedures Act. BOP Employee Conduct Policy Statement 3420.11 Shows careless workmanship or negligence resulting in spoilage or waste of materials or delay in work production. Failure or delay in carrying out work assignment, or instructions of superiors. Failure or delay in carrying out a direct order.

To demonstrate blatant disregard to inmate safety and "deliberate indifference" shown by the BOP and the U.S Attorney, the Movant has been given no reason for the denial for which he qualifies for, on 3/8/22. The BOP does not answer or show why. In fact reasons given to Movant pertains actually qualifying for the CARES ACT! Despite the BOP, the warden, the region an even the Central office approving him on 02/29/22, he is suddenly mysteriously denied with no apparent reason. (exhibit 12)

Here Movant was denied after fulfilling all criteria set by Congress, the BOP, the Attorney General, but the BOP in violation of the Congress, the Attorney and

even their own internal policies denied Mouant.
In fact denial of many inmates are based on contradict-
-cting reasons which the BOP simply makes up.
It is very simple, if you have not completed 50%
you are "denied, if you got vaccinated your also
denied, if you are not vaccinated you are "denied".
And even if you fulfill all criteria, even having completed
and approved, you are "denied". Due to concerns
unlawfully by a US Attorney. This is the same US
Attorney, who blatantly denied Mouant previously
because he had not taken the vaccine. Nevermind
that Mouant had only followed his Rabbi's advice
to originally not to take the vaccine for COVID-19.
So this US Attorney not only violated Mouant's 1st
Amendment, religious rights (pertaining to Antisemitism),
she/he basically took the law into her/his own
hands. The BOP simply has no authority to add
any criteria and to deny inmates violating the
Administrative Procedure Act, the 5th and 8th Amendment
by the Government agency in violation of 5 U.S.C
551-559, 701-706.
This court has the authority to hold the BOP

and the Government, to abide to the law, the Directive of the Attorney General and Congress to hold the standards set under the CARES ACT. The Government and the BOP, must show Cause a State Interest or violation or a requirement set by Congress for which the defendant fails to qualify. Any other reason is unacceptable. The Government says, "the BOP makes the decision on home confinement" But the BOP has in this case APPROVED the defendant. It is the Government who is causing harm to the defendant. Emphasis is added on Joel Samuel Paul. V. Federal Bureau of prison, US Dist. Lexis 234815 No. 2:20-cv-066 7th Cir.

## EQUITIES SHOULD NOT BE IGNORED

For the reasons discussed above, the Defendant qualifies for Home Confinement. The reality is hard to ignore that high profile and well connected inmates have been released to home confinement, like the former president's former personal attorney Michael Cohen, the former president's former campaign manager Paul Manafort, and former Cuyahoga County auditor Frank Russo. Mafia and other organized Crime members all around the nation have been released. Inmates with multiple arrests

and higher Risk and PATTERN scores, and recidivism scores have been released.

Manafort was convicted in 2019 of bank fraud and Tax fraud, to be released on November 4th, 2004. Manafort owes $24.8 Million in restitution.

Cohen, age 52 was sentenced in 2018 for 3 years in prison for tax evasion, making false statements to a federally insured bank, and Campaign finance violations. He owes $1.4m in restitution.

Russo was serving a 14 year sentence for "a bery of federal crimes" including accepting over $1 million in bribes, gifts, and trips in exchange for jobs, contracts and political favors, among other crimes. He was not scheduled to be released until October 2024 and owes $7 Million in restitution.

Other federal inmates who pose a greater risk of danger to the community than Movant are also being released to home confinement due to CoViD-19 - including Terry Flenory, one of the Black Mafia Family cocaine "Kingpins" from Detroit "who headed one of the country's most powerful cocaine empires that reaped $270 Million in profits. He was sentenced to 30 years in prison in 2008 for heading a national drug ring with ties

to Mexican cartels and selling hundreds of kilos of cocaine during a 15 year crime spree. Yet he was approved to go to home confinement.

## CLOSING

The Defendant to be clear is clearly asking this Court to enforce the law set by Congress and the CARES ACT as it pertains to this defendant meeting all requirements set by Congress to be immediately released to home confinement as required by the CARES ACT, and directed by the Attorney General.

For clarity, Home Confinement does not mean the defendant (Morant) returns to normal life, rather the defendant is subject to strict monitoring and restrictions by the BOP and Probation Services for the remainder of his sentence.

There is no prejudice by the government if the Morant is in home confinement or a federal camp with minimum security status.

The Government cannot be allowed to thumb their nose to the law. Can simply not be allowed to treat the defendant any different than any other inmate. They should not be allowed to act in an arbitrary and capricious action. Morant has been incarcerated for

45 months. He has always been a minimum security inmate. He has a minimum security level, is able to work in the community, travel freely around the compound driving vehicles without supervision. He has a PATTERN SCORE of −14 (Minus Fourteen). He meets all the criteria set by Congress/BOP to be immediately sent to home confinement. He has been approved by the BOP to go to home confinement, including counselors, Camp administrator, legal team, the warden, the region and Washington DC to be released to home confinement. If it were not for the interference of a prosecutor the Movant would infact be serving time in home confinement.

This honorable court should be reminded that the authority for placement on home confinement pursuant to the CARES ACT is found in Pub. L. No 116-136 : stat 281 Section 12003 (b)(3) which simply expands the application of Title 18 U.S.C Section 3624(c)(2) authorizing the Bureau of prisons to place an inmate at risk on a longer period of home confinement due to the COVID-19 Pandemic in an attempt to lower risk of death from COVID-19 virus.

The CARES ACT and BOP's subsequent memorandi do not refer to or all the BOP to seek input from a) the United States Attorney, b) the United States Assistant US Attorney c) any victims d) sentencing judge.

By doing so the Bureau of Prisons is allowing the Government, in this case the actions, correspondence/ direction of the Assistant United States Attorney without any motions being filed in Federal Court, to interract with, modify and effectively re-sentence Movant without legal due Court.

By this action, Movant's Due Process Rights were violated as not only was Movant already designated to a new place of confinement pursuant to Title 18. U.S.C section 3624(c)(2) as modified by the "CARES ACT".

This Action is in direct violation of the standard long held with regard to the "Expectation of finality" afforded to the Movant at the Conclusion of the sentencing hearing. By allowing the Assistant US Attorney to object to Movant's designation to home confinement as authorized by the "CARES ACT" the BOP is allowing the government to object and interfere with the direct conditions

in instant care, the severity of punishment of Movant subject to and without due process of the law, when objections or complaints are made at sentencing whether by the United States Attorney's office, or any victims, those objections are then subject to oversight of the presiding judge and due process is followed. In the instant matter that did not occur. In the instant matter of the BOP allowed/requested/solicited the input of the United States Attorney and subsequently completely changed the decision at designation it had made pursuant to a proper lawfull application of 18 U.S.C Section 3621 (a)(3) and section 3624 (c)(3) and acted as merely another arm of the United States Attorney.

Title18 3621 (b) puts sole disgression of placing an inmate's place of incarceration on the BOP". It clearly states "The Bureau of Prisons shall designate the place of the prisoner's imprisonment. In <u>United States v. Matlice</u> Case No. 20-3668, 2020 WL 7587155 at #2 (6th Cir. Oct 7, 2020), it is clearly stated that "the BOP has sole discretion to transfer inmate to home confinement; In <u>United States v. Brummet</u>, Case No 20-5626, 2020 WL 5525871 at #2 (6th Cir Aug (9, 2020), it stipulates "the authority to grant

home confinement remains solely with the Attorney General and the BOP. The BOP has previously VEHEMENTLY Defended this fact, as its sole discretion to an inmates security level, facility and place of confinement.

In view of this unlawful act to protect Mouant (or any other inmate) from further input or "concern" voiced by the office of US Attorney, being acted upon by the BOP and leading to Mouant's designation to a facility that the United States Attorney thinks serves the interests of justice irrespective of custody level. Conversely what is to prevent a US Attorney or a Judge to place an inmate with a history of violence to home confinement?

Under home confinement, Mouant will be under more scrutiny by Probation, will be on an ankle monitor, and be under 24 hour monitoring

Placing him in home confinement is the only answer that protects Mouant from violation of his rights and enforces the CARES ACT and the Directive of the Attorney General. It ensures that the Government treats all inmates equally and without discrimination. This will ensure those victims receive restitution when Mouant is allowed to work.

The Mouant asks this court to move quickly in making this decision based on the fact that defendant should

have been released to home confinement on 02/09/22 and is in danger of serious harm from COVID-19 everyday. Movant has been subjected to arbitrary and capricious treatment, has been retaliated against, has been discriminated against. Movant was in quarantine for 8 straight months with very limited access to phone or email. He has been moved 1,500 miles away from his family and has not seen his wife and son in over 2 years. Movant is vulnerable.

In a court filing by the very same AUS Attorney who objected to Movant's release to home confinement, the US Attorney wrote "And BOP- being privy to defendant's medical history — is best positioned to determine defendant's status". Hence the AUS Attorney is contradicting her own attestation that the BOP should make the ultimate decision. The BOP did in fact decide to send Movant to home confinement (exhibit 13). And yet the AUS Attorney objected.

At this point Movant simply requests all other relief deemed fair by this court. Movant seeks not only to hold the respondents responsible in their professional capacity but also hopes this court hold them personally responsible for clear and flagarant violations. This honorable court should consider

have been released on 02/09/22 and is in danger of COVID-19 EVERY DAY!

Movant has been subjected to arbitrary and capricious treatment, was retaliated against, was discriminated against, was under 8 months of quarantine, He is thousands of miles away from his family & is vulnerable.

Movant simply asks all other relief deemed fair by this court. Movant seeks not only to hold the respondents responsible in their professional capacity, but also hopes this court to hold them personally responsible for clear and flagarant violations. This Court should consider punitive damages as well as any other relief this court deems fit to deter further violations against not only this Movant but literally hundreds of other inmates in similar situations.

Respectfully Submitted

Omid Sourusfl (21524041)
Terre Haute Satellite Camp
PO Box 33
Terre Haute Indiana 47808

Consider punitive damages as well as other relief this courts deems fit to deter further violations against this Mouaut but literally hundreds of other inmates in similar situations.

Respectfully Submitted

Omid Sowerrafil (21524041)

Terre Haute Satellite Camp

PO Box 33

Terre Haute Indiana 47803

## Certificate OF SERVICE

I, OMID SOURESRAFIL, certify that on ___ a copy of this PETITION FOR WRIT OF HABEAS CORPUS Pursuant to 28 USC 2241, Brief in support was mailed by first class mail, postage paid to the Respondents:

Warden S. Kallis, through US Mail inmate delivery
Warden T. Rule, through US Mail inmate delivery.
A. Springer, through US Mail inmate delivery,
S. Kesler - or in her Capacity
F. Roshto - Case Manager Coordinator
A. Matevousian - Regional Director - BOP - North Central
Michael Carvajal or in his Capacity
Director of Federal Bureau of prisons

320 First St. NW
Washington, DC 20534